Eastern District of Kentucky
FILED
SEP 2 6 2006
AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON

CIVIL ACTION NO. 06-CV-303-JMH

LARRY RUTHER                        PLAINTIFF

VS:          **MEMORANDUM OPINION AND ORDER**

GENE O'NEAL, ET AL.                      DEFENDANTS

\*\* \*\* \*\* \*\* \*\* \*\*

Larry Ruther, who is a non-prisoner and gives an address in Richmond, Kentucky, has submitted a *pro se* one-page handwritten pleading which he has entitled "Complaint" [Record No. 1], and with it he has also filed a motion to proceed *in forma pauperis* [Record No. 2].[1]

This complaint is before the Court for initial screening. 28 U.S.C. §1915(e)(2); *McGore v. Wrigglesworth*, 114 F.3d 6701, 607-8 (6th Cir. 1997); *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir.), *cert. denied*, 528 U.S. 1198 (1999).

As a *pro se* pleading, it is held to less stringent standards than those drafted by attorneys. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The allegations in a *pro se* pleading must be taken as true and construed in favor of the petitioner. *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983).

JURISDICTION/CLAIMS

The plaintiff asserts that this Court has diversity jurisdiction over his claims for breach of contract and mail fraud.

---

[1] The Court notes that Ruther has also simultaneously filed another handwritten *pro se* complaint with a motion to proceed therein *in forma pauperis*, *Ruther v. Simmons, et al.*, 06-CV-304-JMH.

## DEFENDANTS

As defendants, the plaintiff has named Gene O'Neal; Pinnacle Development Partners, LLC; and Chris Kunkel, and he has filled out a summons form for defendants Pinnacle and Kunkel, with the same address in Atlanta, Georgia.

## FACTUAL ALLEGATIONS

The Court has some difficulty with the plaintiff's handwriting and sentence fragments. The Court construes the complaint as alleging as follows:

The plaintiff seems to claim that on June 14, 2006, he contracted with PDP, evidently referring to Pinnacle Development Partners, as follows: "$35,486 for land deed, return on $. Line 7 I option for $ to new contract, I do option and $6,200. PDP default contract no put deed to I."

Attached to the complaint is a one-page document consisting of two typewritten paragraphs on Pinnacle Development Partners letterhead; signature lines indicating that three people have signed it--the plaintiff, Martha Lou Castillo, and Gene O'Neal; and a scattering of words and numbers strewn apparently at random all over the margins of the page. The two paragraphs begin as follows:

> This amendment dated Tuesday, June 13, 2006 between Larry Ruther & Martha Lou Castillo and Pinnacle Development Partners, LLC for an original real estate investment in the amount of $28, 388.99 under the account number 3862LRPD. As of Tuesday, June 13, 2006, Larry Ruther & Martha Lou Castillo has an account balance of $35,486.24.
>
> For investors who are on a ninety (90) day Partnership Agreement:
> Every forty-five (45) day period, the investor has the option of withdrawing any amount of his/her return. . . .

Attachment to complaint.

The plaintiff apparently seeks (a) a trial on October 14, 2006; (b) damages in the amount of $155,000; and (c) a summons to be sent to each of the defendants.

## DISCUSSION

When he filed his initial pleadings, the plaintiff also submitted a civil cover sheet claiming diversity as the basis of the Court's jurisdiction over these claims; marking that his citizenship is totally diverse from that of the defendants; and also indicating that his case was in the nature of a contract action. Additionally, he hand-wrote a description of the case, "Contract Breach Fraud Mail." Then in both his complaint and on summons forms, he has given his address in Kentucky and the defendants' address in Atlanta, Georgia.

The statute authorizing diversity jurisdiction provides that the "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. §1332(a)(1). If the instant case is a contract action and the plaintiff's demand is for $155,000 and the plaintiff is correct about the addresses being the parties' actual residencies, then the plaintiff may properly be before a district court for his contract cause of action.

However, the next question is which district court is the appropriate place to file it. Another district court in this circuit has summarized the following with regard to venue law:

> Plaintiff bears the burden of showing that venue is proper. *Kepler v. ITT Sheraton Corp.*, 860 F.Supp. 393, 396 (E.D. Mich. 1994). Venue must be proper for each claim and as to each defendant in order for the court to retain the action. *Salpoglou v. Schlomo Widder, M.D.*, 899 F.Supp. 835, 839 (D.Mass. 1995); *Jarrett v. State of North Carolina*, 868 F.Supp. 155, 158 (D.S.C. 1994).

*Verbis v. Iowa Dept. of Human Services*, 18 F.Supp.2d 771, 774 (W.D. Mich. 1998).

Accordingly, to determine if the plaintiff has filed this case in the proper venue, the Court again begins with the words of the relevant statute containing the venue provisions for diversity actions. 28 U.S.C. §1391(a) provides as follows:

3

>     (a)     A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

*Id.* The first of these three venue options applies to the situation currently before this Court: subsection (a)(1), "a judicial district where any defendant resides." The plaintiff has alleged that both of the defendants reside in Georgia. Thus, this Court finds that venue is proper in Georgia under the statute.

Venue may be proper in more than one venue, however. 28 U.S.C. §1391(a); *First of Michigan Corporation v. Bramlet*, 141 F.3d 260 (6th Cir. 1998). As to the second venue option in the statute, the plaintiff has not alleged that any part of the events occurred in Kentucky or that the land at issue is in Kentucky. Therefore, subsection (a)(2) does not apply to make venue proper in Kentucky. Subsection (a)(3) would place venue in Kentucky only if there is no other place for venue under subsection (a)(1) or (a)(2). However, because this Court has found venue proper in Georgia under subsection (a)(1), the default in subsection (a)(3) is not applicable so as to permit venue in Kentucky.

In short, venue is improper in Kentucky. Another statute provides two remedies for improper venue. "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interests of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. §1406(a). The Sixth Circuit has held that §1406 applies wherever venue is improper. *Audi AG & Volkswagen,* 204 F.Supp.2d 1014, 1022

4

(E.D.Mich.2002) (citing *Van Dusen v. Barrack*, 376 U.S. 612, 634 (1964)).

Since this Court has concluded that venue is improper in the Eastern District of Kentucky, the Court must choose from the two remedies available in §1406. The matter of whether to transfer or to dismiss the action is within the Court's discretion. *First of Michigan Corporation v. Bramlet*, 141 F.3d at 262. *See also PML North America, LLC v. ACG Enterprises of NC, Inc. et al.*, 2006 WL 334269 (E.D. Mich. 2006) (slip op.).

This civil action was only recently filed. No filing fee has been paid to this Court, and the complaint suggests no prejudice which would occur if the complaint were dismissed rather than transferred. *See Verbis v. Iowa Dept. of Human Services*, 18 F.Supp.2d at 775. Indeed, if and when the plaintiff next files in a district court, either in Georgia or where a substantial part of the events occurred or a substantial part of the property is situated, he may improve on what he files as his complaint, so as to better show the nature of his claims and his purported basis for entitlement to relief. On the instant record, however, the Court cannot find that it would be in the interests of justice to transfer this cause of action.

Therefore, the Court will dismiss this case, the dismissal to be without prejudice to the plaintiff's right to re-file in a district with proper venue.

### CONCLUSION

Accordingly, the Court being advised, **IT IS ORDERED** as follows:

(1) The plaintiff's motion to proceed *in forma pauperis* [Record No. 2] is **GRANTED**. 28 U.S.C. § 1915(a).

(2) This action is **DISMISSED**, and Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the defendants.

This the 26th day of September, 2006.

*Joseph M. Hood*
JOSEPH M. HOOD, CHIEF JUDGE